FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 9:15 am, Dec 07, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| DANTE G. FREDRICK, | |
| Plaintiff, | CIVIL ACTION NO.: 2:20-cv-121 |
| v. | |
| SGT. ERIC WATSON; MAJOR FNU MASTROIANNI; and SHERIFF JAMES K. PROCTOR, | |
| Defendants. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on Defendants' Motion to Dismiss, to which Plaintiff filed a Response, docs. 4, 13, and Plaintiff's Motion to Amend, doc. 15. For the following reasons, I **RECOMMEND** the Court **DENY as moot** Defendants' Motion to Dismiss. Additionally, I **GRANT** Plaintiff's Motion to Amend and **DIRECT** the Clerk of Court to create a separate docket entry for Document 15 as Plaintiff's First Amended Complaint.

**I.     Defendants' Motion to Dismiss**

Defendants filed a Motion to Dismiss, requesting the Court dismiss the Complaint as an improper shotgun pleading. Doc. 4 at 1. Defendants acknowledge, however, Plaintiff must be allowed a chance to replead his Complaint before dismissing his case. Id. at 5 n.2. To that end, Defendants ask the Court to dismiss without prejudice and direct Plaintiff to replead his Complaint. Id. at 5 (citing Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018)). Plaintiff filed a timely Response to Defendants' Motion to Dismiss, as well as a Motion to Amend, which contained his Amended Complaint. Given that I have granted Plaintiff's Motion

to Amend, as discussed below, and Plaintiff has already filed his Amended Complaint, I **RECOMMEND** the Court **DENY as moot** Defendants' Motion to Dismiss.

## II.     Plaintiff's Motion to Amend

Plaintiff initially filed his case in state court, which Defendants removed.  Doc. 1. Defendants then filed a Motion to Dismiss, as noted.  Doc. 4.  Along with a Response to Defendants' Motion, Plaintiff filed an Amended Complaint.  Doc. 15.

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend his pleading once as a matter of course within: (A) 21 days after serving it; or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1). Recognized pleadings are listed in Federal Rule of Civil Procedure 7(a) as a complaint, an answer, a reply to a counterclaim denominated as such, an answer to a cross-claim, a third-party complaint, and a third-party answer.  The term "responsive pleading" used is Rule 15(a) is defined by reference to those pleadings in Rule 7(a).  Zaidi v. Ehrlich, 732 F.2d 1218, 1220 (5th Cir. 1984).  Defendants filed their Motion to Dismiss under Rule 12(b) on November 16, 2020. Doc. 4.  Plaintiff filed his Motion to Amend on December 1, 2020.  Doc. 15.  Thus, Plaintiff filed his Motion to Amend within 21 days of Defendants' Rule 12(b) Motion to Dismiss. Accordingly, I **GRANT** Plaintiff's Motion to Amend.  To the extent Defendants wish to move to dismiss Plaintiff's Amended Complaint, Defendants may do so with 14 days of this Order and Report and Recommendation.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DENY as moot** Defendants' Motion to Dismiss.  Additionally, I **GRANT** Plaintiff's Motion to Amend and

**DIRECT** the Clerk of Court to create a separate docket entry for Document 15 as Plaintiff's First Amended Complaint.

    **SO ORDERED** this 7th day of December, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA