FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 9:03 am, Jan 13, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| DANTE G. FREDRICK, | |
| Plaintiff, | CIVIL ACTION NO.: 2:20-cv-121 |
| v. | |
| SGT. ERIC WATSON; MAJOR FNU MASTROIANNI; and SHERIFF JAMES K. PROCTOR, | |
| Defendants. | |

## O R D E R

This matter comes before the Court on Plaintiff's Motion for Access to Court. Doc. 30. Plaintiff states he is currently held at the Glynn County Detention Center after being transferred from Camden County Jail. Id. at 1. Plaintiff explains when he is transferred from one facility to another, he is not permitted to take any legal materials, including books or mail. Id. at 1–2. Plaintiff is concerned he could be transferred again and forced to throw away his legal materials, hampering his ability to prosecute his case. Id. at 2. Plaintiff seeks an order preventing his transfer and permitting him to keep his legal books and materials while in prison. Id. at 4. However, Plaintiff does not state transfer is imminent or that he is currently without his legal books or materials.

There is no "abstract, freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996). However, prisoners have a constitutional right of access to the courts which "requires prison authorities to . . . provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828

(1977).  To state a valid access-to-courts claim, a prisoner must show an actual injury resulting from inadequate access to legal resources.  Lewis, 518 U.S. at 351–52.

Here, Plaintiff is only concerned about a potential injury.  That is, Plaintiff is worried he may be transferred in the future or otherwise have his legal materials confiscated but does not allege he is currently unable to access his legal materials as needed.  Further, Plaintiff has so far been able to support his filings with numerous citations to legal authorities.  See, e.g., Doc. 30 at 3.  Thus, the Court **DENIES as premature** Plaintiff's Motion for Access to Court.

**SO ORDERED** this 13th day of January, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA