IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| DANTE G. FREDRICK, | |
| Plaintiff, | CIVIL ACTION NO.: 2:20-cv-121 |
| v. | |
| SGT. ERIC WATSON; MAJOR FNU MASTROIANNI; and SHERIFF JAMES K. PROCTOR, | |
| Defendants. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court upon Plaintiff's failure to comply with the Court's December 18, 2020 Order and Defendants' Motion to Dismiss. Docs. 24, 27. For the following reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's First Amended Complaint for failure to follow the Court's Order, **DENY as moot** Defendants' Motion to Dismiss, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal in forma pauperis.[1] Additionally, I **DENY as moot** Plaintiff's Motion

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Plaintiff his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation

for Clarification, Motion for Referral for Criminal Investigation, and Motion to Invoke Supplemental Jurisdiction.  Docs. 17, 23, 28.

## BACKGROUND

Plaintiff, proceeding pro se, filed a Complaint in the Superior Court of Glynn County, alleging Defendants violated his constitutional rights.  Doc. 1.  Defendants removed to this Court.  Id.  Defendants filed their first motion to dismiss on November 16, 2020, arguing Plaintiff failed to state a claim.  Doc. 4.  Plaintiff then responded and filed a motion for leave to amend.  Docs. 11, 13.  The Court granted Plaintiff's motion for leave to amend, Plaintiff filed his First Amended Complaint, and the Court denied as moot Defendants' first motion to dismiss.  Docs. 20, 21, 22.

Defendants then filed the instant Motion to Dismiss.  Doc. 24.  The Court ordered Plaintiff to respond to Defendants' Motion to Dismiss within 14 days of the December 18, 2020 Order.  Doc. 27.  The Court warned Plaintiff, if he failed "to file a timely response, the Court will presume Plaintiff does not oppose the Motion and may dismiss individual claims or the entire action."  Id. at 1 (citing Local R. 7.5 ("Failure to respond . . . shall indicate that there is no opposition to a motion.")).  The Clerk of Court mailed this Order, along with copies of Federal Rules of Civil Procedure 12 and 41, to Plaintiff at his last known address.  Plaintiff then filed a motion for an extension of time to file his response to Defendants' Motion to Dismiss, doc. 33, which the Court granted and ordered Plaintiff to respond on or before January 22, 2021, doc. 35. The Court also directed the Clerk of Court to mail Plaintiff a copy of Defendants' motion to dismiss, as Plaintiff previously stated he had not received it.  Id.  The Order and accompanying

---

constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

Motion to Dismiss were not returned to the Court as undeliverable or otherwise failing to reach Plaintiff.  Nevertheless, Plaintiff failed to respond to this Court's Order or Defendants' Motion to Dismiss.

## DISCUSSION

### I.     Dismissal for Failure to Follow This Court's Order

A district court may dismiss a plaintiff's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket.  Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[2] Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

---

[2]     In Wabash, the Court held a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.  Nonetheless, in the case at hand, the Court advised Plaintiff his failure to comply with the Court's Order or to respond to the Motion to Dismiss could result in dismissal of this action.  Doc. 27.

3

It is true dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal *without* prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute § 1983 complaint where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying or seeking an extension of time to comply with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute § 1983 claims where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Plaintiff failed to follow this Court's Order or to otherwise respond to the Motion to Dismiss, despite having ample opportunity to do so and being forewarned of the consequences of his failure to do so. Doc. 27 (Order, dated Dec. 18, 2020, informing Plaintiff that, under Local

4

Rule 7.5, "[f]ailure to respond . . . shall indicate that there is no opposition to a motion."). Thus, the Court should **DISMISS** Plaintiff's First Amended Complaint, doc. 21, for failure to follow this Court's Order and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's Order, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's First Amended Complaint for failure to follow the Court's Order, **DENY as moot** Defendants' Motion to Dismiss, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal in forma pauperis. Additionally, I **DENY as moot** Plaintiff's Motion for Clarification, Motion for Referral for Criminal Investigation, and Motion to Invoke Supplemental Jurisdiction. Docs. 17, 23, 28.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 27th day of January, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA