IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| ASAAD AMIR HASUAN, <br><br> Plaintiff, <br><br> v. <br><br> ERIC WATSON; FNU MASTROIANNI; and JAMES K. PROCTOR, <br><br> Defendants. | CIVIL ACTION NO.: 2:20-cv-121 |

**ORDER AND REPORT AND RECOMMENDATION**

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint, or Alternatively, Motion to Compel Deposition Attendance. Doc. 76. Plaintiff filed a Response, opposing only the portion of Defendants' Motion seeking dismissal. 85. For the reasons explained below, I **RECOMMEND** the Court **DENY** the portion of Defendants' Motion seeking dismissal. However, I **GRANT as unopposed** the portion of Defendants' Motion seeking to compel Plaintiff's attendance at his deposition. Doc. 76.

**I.   Background**

Plaintiff, an incarcerated inmate proceeding pro se, initiated an action against Defendants under 42 U.S.C. § 1983. Docs. 1, 21, 48. Defendants sought to depose Plaintiff on April 4, 2022, after seeking a Court Order to do so and providing proper notice to Plaintiff. Doc. 71. Counsel for Defendants appeared, but despite the Court Order and Notice, Plaintiff refused to appear for his deposition. Doc. 76. Plaintiff explained he would not appear for his deposition without his attorney present, even though Plaintiff has not yet retained counsel to represent him in this case. Doc. 76-1 at 4; Doc. 76-2 at 2. Defendants now move for dismissal of Plaintiff's

Complaint as a sanction under Federal Rule of Civil Procedure 37.  Doc. 76-1 at 2–3.  Alternatively, Defendants seek an order compelling Plaintiff to sit for a deposition.  Id.

## II.     Plaintiff Is Required to Sit for a Deposition

Defendants move for an order compelling Plaintiff's attendance at deposition.  Doc. 76.  Plaintiff does not oppose an order requiring him to sit for his deposition.  Doc. 85 at 2.  Accordingly, this portion of Defendants' Motion is **GRANTED as unopposed**.  Plaintiff is **ORDERED** to sit for his deposition and answer any questions, unless asserting an objection under Federal Rule of Civil Procedure 30(c)(2).  Plaintiff is forewarned his failure to submit to a deposition and comply with this Order may result in dismissal of his case.

## III.    No Sanctions Are Appropriate at This Time

Defendants also move for the sanction of dismissal based on Plaintiff's refusal to sit for his properly noticed and ordered deposition.  Doc. 76.  Defendants move under Rule 37.  Plaintiff opposes dismissal of his case.  Doc. 85.

Under Rule 37, a court may order sanctions if a party fails to obey an order to provide or permit discovery.  Fed. R. Civ. P. 37(b)(2)(A)(v).  The Eleventh Circuit Court of Appeals has held "dismissal under Rule 37 is an extreme remedy and should not be imposed if lesser sanctions would suffice."  Mills v. Anderson, No. CV606-88, 2009 WL 80303, at *1 (S.D. Ga. Jan. 7, 2008) (quoting Navarro v. Cohan, 856 F.2d 141, 142 (11th Cir. 1988)).  "In determining whether lesser sanctions will suffice, the presence or absence of willfulness is a relevant consideration."  Cohran v. McPhearson, No. CV213-033, 2014 WL 317067, at *1 (S.D. Ga. Jan. 28, 2014).  Nonetheless, "the court retains the discretion to dismiss a complaint where the party's conduct amounts to a flagrant disregard and willful disobedience of the court's discovery orders."  Hayes v. Toole, Civil Action No.: 6:16-cv-20, 2018 WL 1400974, at *2 (S.D. Ga. Mar.

20, 2018) (quoting Hashemi v. Campaigner Publ'g, Inc., 737 F.2d 1538, 1539 (11th Cir. 1984)). Dismissal with prejudice under Rule 37 is disfavored but may be appropriate when "Plaintiff's recalcitrance is due to willfulness, bad faith, or fault." Reed v. Fulton Cnty. Gov't, 170 F. App'x 674, 675 (11th Cir. 2006) (quoting Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993)).

The Court does not find sanctions appropriate at this point. Plaintiff, who is proceeding pro se, refused to participate because he was actively searching for an attorney and was hoping to obtain the services of an attorney before proceeding with this deposition. Doc. 85 at 1. Plaintiff explains he previously tried to communicate to Defendants he was seeking representation. Id. Further, Plaintiff clarifies he did not intend to disregard a Court Order. Id. at 2. While it was unquestionably improper for Plaintiff to refuse to attend his deposition, considering Plaintiff's explanation and pro se status, the Court cannot conclude he willfully or knowingly violated a Court Order. Indeed, the Court's Order permitting Defendants to take Plaintiff's deposition provides no instructions to Plaintiff. Doc. 71. Plaintiff has now unambiguously agreed to sit for his deposition, regardless of whether he is represented by counsel. Doc. 85 at 2. The Court recognizes the frustrations imposed by Plaintiff's behavior at his initial deposition, but his behavior simply does not warrant the extreme sanction of dismissal or the imposition of other sanctions. See Fed. R. Civ. P. 37(a)(5)(A)(iii). Accordingly, I **RECOMMEND** the Court **DENY** the portion of Defendants' Motion seeking dismissal.

## CONCLUSION

For the reasons explained above, I **RECOMMEND** the Court **DENY** the portion of Defendants' Motion seeking dismissal. However, I **GRANT as unopposed** the portion of Defendants' Motion seeking to compel Plaintiff's attendance at his deposition. Doc. 76.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED**, this 15th day of June, 2022.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA