# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

ASAAD AMIR HASUAN,                          *
                                            *
            Plaintiff,                      *        CIVIL ACTION NO.: 2:20-cv-121
                                            *
      v.                                    *
                                            *
ERIC WATSON; FNU MASTROIANNI; and           *
JAMES K. PROCTOR,                           *
                                            *
            Defendants.                     *

## O R D E R

This matter is before the Court on Defendants' Objections to the Magistrate Judge's Report and Recommendation dated June 15, 2022.  Dkt. No. 91.  In the Report, the Magistrate Judge recommended the Court deny the portion of Defendants' Motion seeking the sanction of dismissal.[1]  Dkt. No. 88.  The Court now reviews the Magistrate Judge's Report de novo.

Defendants moved for dismissal based on Plaintiff's refusal to participate in his scheduled deposition.  Dkt. No. 76.  The Magistrate Judge found it was improper for Plaintiff to refuse to sit for his deposition.  Dkt. No. 88.  However, the

---

[1]   By Order, the Magistrate Judge granted the portion of Defendants' Motion seeking to compel Plaintiff's attendance at his deposition, and this ruling remains unchallenged.  Dkt. No. 89.

Magistrate Judge determined the sanction of dismissal was too severe given Plaintiff's pro se status and his refusal based on attempting to obtain counsel.  Id. at 3.

Defendants argue the Magistrate Judge's ruling was incorrect and the case should be dismissed.  Defendants point to Plaintiff's explanation for his refusal to appear at his deposition, where he stated: I Asaad Hasaun hired an attorney to represent me on the deposition.  I refuse on my own will to refuse.  I will not show on screen for deposition.  Dkt. No. 76-2.  In response to Defendants' Motion, Plaintiff explained he had not yet obtained an attorney but was in the process of doing so.  Dkt. No. 85 at 1.  Defendants argue the Court should not accept this representation in his Response, as they believe it is disingenuous.[2]

The Court concurs with and adopts the Magistrate Judge's recommendation.  The specific circumstances before the Court do not warrant dismissal at this time.  The Eleventh Circuit Court of Appeals has stated, "[D]ismissal under Rule 37 is an extreme remedy and should not be imposed if lesser sanctions would suffice."  Mills v. Anderson, No. CV606-88, 2009 WL 80303, at *1

---

[2]   Defendants also complain about the length of time Plaintiff took to respond to their Motion to Dismiss.  Dkt. No. 91 at 3.  Plaintiff properly moved for, and the Court granted, extensions.  Dkt. Nos. 79, 82.  The Court sees no reason why properly granted extensions should be held against Plaintiff.  Indeed, Defendants have asked for and received their own extensions to respond to filings.  Dkt. No. 47.

AO 72A
(Rev. 8/82)

(S.D. Ga. Jan. 7, 2008) (quoting Navarro v. Cohan, 856 F.2d 141, 142 (11th Cir. 1988)).  Defendants have not demonstrated such an extreme remedy is appropriate or a lesser sanction would not suffice.  Indeed, they did not even request a lesser sanction.

Defendants point to Plaintiff's knowledge that he was not entitled to an attorney.  Dkt. No. 91 at 4.  Plaintiff's actions do demonstrate an understanding of the Court's previous Orders on this issue, as Plaintiff explains he was trying to hire representation.  However, this does not demonstrate Plaintiff fully understood his obligation to sit for a properly noticed deposition.  Defendants have provided no evidence Plaintiff was not actively trying to hire an attorney or provided any evidence of other dilatory or wrongful behavior by Plaintiff throughout this litigation.  Thus, the Court agrees that considering all the factors—Plaintiff's incarcerated, pro se status, conflicting explanations, other behavior during this litigation, and Plaintiff's refusal to sit for his deposition—the extreme sanction of dismissal under Rule 37 is not warranted.

Accordingly, Defendants' Objections are **OVERRULED**.  After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation and **ADOPTS** the Report and Recommendation as the opinion of the Court.  The Court **DENIES** the portion of

AO 72A
(Rev. 8/82)

Defendants' Motion seeking dismissal of this cause of action and
reminds Plaintiff of his obligation to sit for his deposition.

**SO ORDERED**, this ____14____ day of ____July____, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4